UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFONSO CUEVAS GONZALEZ,

    Plaintiff,

v.

S. SMITH, et al.,

    Defendants.

Case No. 25-cv-03153-KAW (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff Alfonso Cuevas Gonzalez, a state prisoner at Pelican Bay State Prison ("PBSP"), has filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the housing assignment of prisoners at PBSP's Building 1 is racially discriminatory.[1] Dkt. 1. Plaintiff specifically alleges that on September 25, 2024, he and certain prisoners in Building 1's D-Yard (which had a majority of Hispanic residents at that time) were forced to move from their cells to new cells, and anyone who refused would be issued a Rules Violation Report for failing to comply with a direct order. *Id.* at 2-3.[2] In addition, these prisoners were forced to be "double celled" and that this "targeting" and "discrimination" has continued for all racial and ethnic prisoner populations other than the African American prisoner population, which "continue[d] to be left single celled unless they arrived within the past three (3) months (approximately) . . . ." *Id.* at 3. Plaintiff names the following PBSP officials as defendants: Warden S. Smith; Associate Warden D. Blythe; Captain Chapman; and Sergeants Brewer and Sandoval. *Id.* at 1-2. However, Plaintiff does not link the named defendants in any way to his allegations of wrongdoing. *Id.* at 2-3. He seeks injunctive

---

[1] Plaintiff seeks to add several other PBSP prisoners as plaintiffs in this action. Dkt. 1 at 4. However, none of the proposed plaintiffs signed the complaint, paid the filing fee, or filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915, *see id.*, and several of them already have filed their own actions, *see, e.g., Arroyo v. Smith*, Case No. 25-cv-02979-SK (PR) (N.D. Cal. filed April 1, 2025); *Tapia v. Smith*, Case No. 25-cv-3152-SK (PR) (N.D. Cal. filed April 8, 2025).

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

relief. *Id.* at 3. This matter has been assigned to the undersigned Magistrate Judge. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Venue is proper because certain events giving rise to the claims are alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

### B. Legal Claims

The Equal Protection Clause of the Fourteenth Amendment directs "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (citation omitted). A claim of denial of equal protection based on race requires proof of discriminatory intent or purpose. A prisoner plaintiff must produce evidence sufficient for a reasonable trier of fact to find that the challenged prison policy or practice was racially motivated. *See Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003). Prison officials must then satisfy strict scrutiny by demonstrating that the policy or practice is narrowly tailored to serve a compelling state interest. *See Johnson v. California*, 543 U.S. 499, 514-15 (2005); *Harrington v. Scribner*, 785 F.3d 1299, 1307-08 (9th Cir. 2015).

But strict scrutiny is inappropriate to test non-racial discrimination claims in prisons. *See Johnson*, 543 U.S. at 510-11. In *Turner v. Safley*, the Court reiterated the need for judicial deference to the problems of prison administration, holding that when a prison regulation or practice impinges on inmates' constitutional rights, the regulation or practice is valid if it is reasonably related to legitimate penological interests. 482 U.S. 78 (1987). The only proper standard for determining the validity of a prison regulation or practice claimed to infringe on an inmate's constitutional rights (other than the right to racial equality) is to ask whether the regulation or practice is "reasonably related to legitimate penological interests." *Id.* at 89.

Liberally construed, Plaintiff's allegations that racial and ethnic prisoner populations other than the African American prisoner population have been forced to double cell at PBSP's Building 1 suggest an arguably cognizable section 1983 claim for racial discrimination. However, Plaintiff has not adequately linked any specific individually-named Defendant to his claim, and thus the complaint is DISMISSED with leave to amend.

A defendant cannot be held liable simply based on his membership in a group without showing his individual participation in unlawful conduct. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). Either personal involvement or integral participation of each defendant in the alleged constitutional violation is required before liability may be imposed. *See Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002). The court will grant Plaintiff leave to amend to link each

specific individually-named Defendants his claim. Plaintiff must set forth specific facts showing how racial and ethnic prisoner populations other than the African American prisoner population have been targeted since September 25, 2024 (just as he arguably shows how the Hispanic prisoner population in Building 1's D-Yard was targeted on September 25, 2024), and Plaintiff must set forth specific facts showing how each named defendant—Defendants Smith, Blythe, Chapman, Brewer, and Sandoval—is responsible for the racial discrimination of which he complains. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (holding that section 1983 plaintiff must show defendants actually and proximately caused deprivation of plaintiff's federal rights of which he complains).

### III. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Amended Complaint which:

   a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

      i. Set forth **each claim** in a separate numbered paragraph;

      ii. Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

      iii. Identify the injury resulting **from each claim**;

   b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each Defendant** *before* he filed this action as required by 42 U.S.C. § 1997e(a), or whether such remedies were "unavailable" to him within the meaning of the statute;

   c. **Does not** make conclusory allegations linking each Defendant by listing them as having direct involvement to his claims without specifying how each Defendant was linked through their actions; and

   e. **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish

4

either supervisorial or municipal liability.

2. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his Amended Complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. 25-cv-03153 KAW (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated: January 14, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

5